UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMSCHEL ROTHSCHILD EL,<br><br>                    Plaintiff(s),<br>    v.<br><br>NATHANIEL MAYER VICTOR ROTHSCHILD, et al.,<br><br>                  Defendant(s). | CASE NO. C25-1658-KKE<br><br>ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE |

      The Court previously declined to issue summons and instructed Plaintiff, who is representing himself, to amend his complaint to clarify the nature of his claims and the basis of this Court's exercise of jurisdiction over them. Dkt. No. 14.

      Plaintiff filed an amended complaint that is more concise than the original complaint (Dkt. No. 10), but again requests an accounting of Plaintiff's family members' trusts, companies, banks, wineries, and holdings; an order compelling Plaintiff's family members to submit "DNA and haplogroups for double-confirmation against Plaintiff's DNA baseline"; an order compelling Plaintiff's family members to produce wills, codicils, probate records, and trust indentures of Plaintiff's ancestors Mayer Amschel Rothschild and Nathaniel Mayer Victor Rothschild; restitution of inheritance wrongfully diverted and disgorgement of profits gained through fraud; a court order imposing a constructive trust in favor of Plaintiff on all Defendants' assets; and an injunction preventing further misrepresentation of heirship or concealment of genealogical truth.

ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE - 1

Dkt. No. 16 at 3–4. The complaint describes some of Plaintiff's family tree, to explain Plaintiff's connection to Defendants generally (*id*. at 3), but does not identify with specificity the identity of each Defendant. *See id*. at 1 (defining "Defendants" to be "[a]ll persons, corporations, and entities falsely claiming succession to the Estate and Trusts of Mayer Amschel Rothschild, et al.").

Federal Rule of Civil Procedure 8(a)(1)–(2) requires, in relevant part, that a pleading include "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Upon review of a complaint filed by a plaintiff proceeding *in forma pauperis*, as is Plaintiff, the Court must dismiss a case if the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. C14-367RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1127).

Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A plaintiff must nonetheless provide sufficient factual details in the complaint to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a plausible claim for relief in federal court, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Here, Plaintiff's amended complaint fails to establish that the Court has subject matter jurisdiction over cognizable legal claims, or that the Court has personal jurisdiction over Defendants. Dkt. No. 16. The legal bases for Plaintiff's claims against his relatives are not identified in the complaint, and the Court is not aware of valid legal theories that would enable this Court to resolve Plaintiff's apparent heirship/genealogical disputes.

Moreover, Defendants apparently live in miscellaneous foreign countries. Dkt. No. 16 at 2. Plaintiff's complaint describes no connection that any Defendant has with this district. Thus, the Court has no basis to find any Washington connection to Defendants or Plaintiffs' claims that would support the Court's exercise of specific jurisdiction over Defendants. That *Plaintiff* may reside in Washington is not sufficient to establish personal jurisdiction over *Defendants*. *See, e.g.*, *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him.").

Because Plaintiff has already unsuccessfully attempted to amend his complaint in order to state a valid claim, it appears that future opportunities would be futile. Accordingly, the Court DISMISSES Plaintiff's complaint without prejudice and without leave to amend, for failure to state a claim. *See, e.g.*, *Rothschild El v. Cascade View Drive LLC*, No. 2:25-cv-01685-LK, 2025 WL 2848072, at *2–3 (W.D. Wash. Oct. 8., 2025) ("Thus, as many other courts have done, this Court denies leave to amend.").

Dated this 17th day of October, 2025.

Kymberly K. Evanson
United States District Judge